J-S84023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDWIN MARQUEZ :
:
Appellant : No. 790 EDA 2018

Appeal from the PCRA Order February 6, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-CR-0904661-2005

BEFORE: BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.: **FILED APRIL 29, 2019**

Edwin Marquez, appeals, *pro se*, from the Order of February 6, 2018, that denied his first petition brought under the Post Conviction Relief Act (PCRA).[1] On appeal, Marquez claims he received ineffective assistance of trial and appellate counsel. For the reasons discussed below, we do not reach the merits of Marquez's arguments. Instead, we vacate the denial of PCRA relief and remand for the appointment of new counsel.

In late 2006, a jury found Appellant guilty of murder in the third degree and conspiracy. On January 18, 2007, the trial court sentenced Marquez to 17½ to 35 years' imprisonment. On August 31, 2009, an *en banc* panel of this Court affirmed the judgment of sentence. **Commonwealth v. Marquez**,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

980 A.2d 145 (Pa. Super. 2009) (*en banc*). The Pennsylvania Supreme Court denied leave to appeal on December 29, 2009. ***Commonwealth v. Marquez***, 987 A.2d 160 (Pa. 2009).

On August 17, 2011, Marquez, acting *pro se*, filed the instant PCRA petition. In the petition, Marquez acknowledged that it was untimely but quoted from a letter from appellate counsel in which counsel acknowledged that he had neglected to inform Marquez of the Pennsylvania Supreme Court's denial of his petition for leave to appeal. Petition for Post Conviction Collateral Relief, 8/17/2011, at 3-5. On March 14, 2012, the PCRA court having taken no action on his petition, Marquez filed a *pro se* memorandum of law. On May 20, 2014, Marquez moved for appointment of counsel. Although not specifically noted on the docket, it appears that the court appointed David S. Rudenstein, Esq., soon thereafter.

On July 8, 2015, the PCRA court docketed a *pro se* PCRA petition at this case number, filed by Marquez's co-defendant and brother, **Carlos Jimenez**.[2] On October 23, 2017, counsel filed a motion to withdraw and a ***Turner*/*Finley*** letter. *See **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Our review of counsel's filing demonstrates that, although the court appointed counsel to represent Marquez, the petition counsel reviewed and discussed in

---

[2] Jiminez also filed his *pro se* PCRA petition at the correct case number, CP-51-CR-0904662-2005. That petition was dismissed and no appeal was filed.

his **Turner**/**Finley** letter, was not Marquez's, but the petition filed by his brother, Jimenez, which raised a completely different issue, that he was not exposed to the death penalty. **Turner**/**Finley** Letter, 10/23/2017, at 1-7.

On January 2, 2018, the PCRA court issued notice of its intent to dismiss Marquez's petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1) because of counsel's filing of the **Turner**/**Finley** letter. Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 1/02/2018, at 1. Marquez did not file a response. On February 6, 2018, the court dismissed the PCRA petition and granted counsel's petition to withdraw. The instant appeal followed. The PCRA court did not order Marquez to file a concise statement of errors complained of on appeal. On March 28, 2018, the PCRA court issued an opinion. In its opinion, the court found that Marquez timely filed his PCRA petition and it analyzed the issues Marquez raised in the PCRA petition on the merits. Opinion, 3/28/2018, at 2-14.

> Our standard of review for an order denying PCRA relief is well settled:
>
> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

- 3 -

Prior to any discussion of the merits of this appeal, we must first ascertain the propriety of the PCRA court's granting of counsel's motion to withdraw. Pursuant to **Turner**/**Finley** and their progeny:

> Counsel petitioning to withdraw from PCRA representation must . . . review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Unfortunately, counsel reviewed the incorrect petition and he premised his **Turner**/**Finley** letter on his analysis of Jimenez's petition, presumably because Jimenez's caption contained the same docket number as Marquez's case. The PCRA court then compounded the error by issuing a Rule 907 notice and ultimately granting counsel's petition to withdraw when, it is clear upon our review, he did not comply with the dictates of **Turner**/**Finley** as to Marquez's petition. The Rules of Criminal Procedure expressly mandate that

a defendant shall be entitled to legal counsel when filing a first time PCRA petition. It is the province of appointed counsel to evaluate and develop a defendant's claims. **See Commonwealth v. Williams**, 782 A.2d 517, 525 (Pa. 2001). While the PCRA court did undertake a thorough analysis of both the timeliness of the PCRA petition and the merits of the issues raised in Marquez's *pro se* petition, it should not have permitted counsel to withdraw when counsel so patently failed to evaluate and develop Marquez's claims.

Thus, we are constrained to vacate the denial of Marquez's PCRA petition and remand the matter back to the PCRA court, so that Marquez may have an analysis undertaken of the issues he wishes to raise in his PCRA petition. Upon remand, we direct the PCRA court to appoint new counsel, who may file either an amended PCRA petition or a new **Turner**/**Finley** letter. Given the length of time that Marquez's petition has languished in the courts, we hope that the PCRA court will do so as expeditiously as possible.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/19

- 5 -